1   ADAM K. BULT, ESQ., Nevada Bar No. 9332
    abult@bhfs.com
2   TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
    tchance@bhfs.com
3   CHELSEE C. JENSEN, ESQ., Nevada Bar No. 14549
    cjensen@bhfs.com
4   BROWNSTEIN HYATT FARBER SCHRECK, LLP
    100 North City Parkway, Suite 1600
5   Las Vegas, Nevada  89106
    Telephone:     702.382.2101
6   Facsimile:      702.382.8135

7   *Attorneys for Plaintiff Sierra Summit, LLC*

8

9               **IN THE UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF NEVADA**

11   SIERRA SUMMIT, LLC,                          CASE NO.: 2:24-cv-01253-JAD-MDC

12            *Plaintiff*,                        **STIPULATED CONFIDENTIALITY
                                                   AGREEMENT AND PROTECTIVE
13   v.                                            ORDER**

14   HUMPHREYS & PARTNERS
     ARCHITECTS, NEVADA, LLC,
15
              *Defendant*.
16

17         Plaintiff Sierra Summit, LLC ("**Plaintiff**"), through its counsel of record, the law firm of

18   Brownstein Hyatt Farber Schreck, LLP, and Defendants Humphreys & Partners Architects,

19   Nevada, LLC ("**Defendant**," and together with Plaintiff, the "**Parties**"), by and through their

20   undersigned counsel of record, Olson Cannon & Gormley, hereby stipulate and agree that the use

21   and handling of Confidential Information (as defined herein) in these proceedings shall be governed

22   by and subject to the provisions of this Stipulated Confidentiality Agreement and Protective Order

23   (the "**Order**"):

24   **I.    PURPOSES AND LIMITATIONS**

25         As recognized by the Parties, certain confidential, proprietary, or private information may

26   be disclosed and exchanged during these Proceedings (as defined herein).  In order to provide

27   special protection from public disclosure and from use for any purpose other than prosecuting these

28   Proceedings as allowed under the Federal Rules of Civil Procedure ("**FRCP**"), public policy under

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1    federal law, and law of the State of Nevada, the Parties enter into this Order.

2          This Order shall be applicable to and govern all Confidential Information in any form

3    (including, without limitation, any information copied or extracted therefrom, as well as all copies,

4    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

5    the Parties or their counsel to or in court or in other settings that reveal Confidential Information or

6    tangible things) produced or disclosed by or on behalf of any Producing Party (as defined herein)

7    in connection with these Proceedings.

8    **II.    DEFINITIONS**

9          a.    The term "Document" or "documents" shall have the same meaning as used in the

10   FRCP and case law construing the same.

11         b.    The term "Producing Party" includes any party and any nonparty who produces

12   information or documents incident to discovery in these Proceedings.

13         c.    The term "Receiving Party" includes any party that receives such information or

14   documents incident to discovery in these Proceedings.

15         d.    The term "these Proceedings" means the proceeding designated in the caption to

16   this Order.

17         e.    The term "Discovery Material" refers to documents, depositions, deposition

18   exhibits, interrogatory responses, responses to requests for admissions, responses to requests for

19   production of documents, and all other discovery obtained pursuant to the FRCP or other legal

20   process by or from, or produced on behalf of, a party or witness in connection with these

21   Proceedings that are not designated as Confidential Information.

22         f.    The term "Confidential Information" means all information and information that

23   constitutes, reflects, compiles, or discloses nonpublic information, trade secrets, know-how, or

24   other financial, proprietary, commercially sensitive, confidential business, marketing, or strategic

25   information, the disclosure of which the Producing Party believes in good faith might reasonably

26   result in economic or competitive, or business injury to the Producing Party (or its affiliates,

27   personnel, or clients) and which is not publicly known and cannot be ascertained from an

28   inspection of publicly available sources, documents, material, or devices. "Confidential

2

Information" also includes sensitive personal information that is not otherwise publicly available, such as home addresses; social security and Taxpayer identification numbers; dates of birth; names of minor children; employment personnel files; medical information; home telephone records/numbers; bank statements and other similar personal financial information, including financial account numbers; and other sensitive personal information, such as driver's license and alien registration numbers.

       g.     Information Not Confidential.  Information not to be construed as Confidential is that which:

1. Was lawfully in the Receiving Party's possession before such information being designated as Confidential Information in these Proceedings, and that the Receiving Party is not otherwise obligated to treat as confidential;

2. Was obtained without any benefit or use of Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

3. Was independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential Information;

4. Has been or became part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

5. Under law, has been declared to be in the public domain.

**III.    DESIGNATING CONFIDENTIAL INFORMATION**

       a.     Manner and Timing of Designations. Any Producing Party may designate Discovery Material that is in its possession, custody, or control produced to a Receiving Party as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined herein.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1.   Information in documentary form.  Any party may designate information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings) as Confidential Information by marking each page of the document so designated as "CONFIDENTIAL" (whether produced in hard copy or electronic form) in all capitals across the top or bottom portion of such page at the expense of the designating party and treated as such by all parties.   Information produced in native format may be designated as Confidential Information by appending "[CONFIDENTIAL]" to the end of the file name, unless doing so would alter relevant metadata, in which case the Producing Party can indicate the confidential designation in a cover letter to the Receiving Party(ies). Parties other than the Producing Party may likewise designate such materials for confidential treatment by written notice.  A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced.  After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for production under this Order, and before producing the specified documents, the Producing Party must mark each page of the document as "CONFIDENTIAL."

2.   Information produced in some form other than documentary, and for any other tangible items. A Producing Party producing information in some form other than documentary, including but not limited to, tangible items, shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the "CONFIDENTIAL" designation. If that matter is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks, or backup tapes) and a legend cannot be affixed upon it, the

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1        Producing Party may designate in a cover letter identifying such material as

2        Confidential.  Parties other than the Producing Party shall also have the right

3        to designate such materials for confidential treatment in accordance with

4        this Order by written notice.

5       3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure

6        to designate qualified information or items as Confidential does not waive

7        the party's right to secure protection under this Order for such material.  If

8        material is appropriately designated as Confidential after the material was

9        initially produced, the Receiving Party(ies), on timely notification of the

10       designation, must make reasonable efforts to assure that the material is

11       treated in accordance with the provisions of this Order.  As used in this

12       Order, an act is "timely" if it occurs within 10 days of discovering the

13       inadvertent failure to designate qualified information as Confidential

14       Information and does not unduly prejudice another party.

15     b.    <u>Redaction Allowed</u>.  Any Producing Party may redact from the documents or things

16  it produces in these Proceedings that the Producing Party claims is subject to the attorney-client

17  privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege

18  from disclosure.  Any Producing Party also may redact information that is both personal and

19  nonresponsive, such as a social security number.  A Producing Party may not withhold

20  nonprivileged, responsive information solely on the grounds that such information is contained in

21  a document that includes privileged information.  The Producing Party shall mark each redaction

22  by either blacking out the text or marking as "REDACTED."  All documents redacted based on

23  the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or

24  any other privilege from disclosure shall be listed in an appropriate privilege log in conformity

25  with FRCP 26(b)(5), which includes the following information: specifically identify the author

26  (and their capacity) of the document; the date on which the document was created; a brief summary

27  of the subject matter of the document; if the document is a communication – the recipient, sender,

28  and all others (and their respective capacities) provided with a copy of the document; other

individuals with access to the document (and their respective capacities); the type of document; and an explanation as to why the document is privileged or otherwise immune from discovery. Where a document consists of more than one page, the page on which information has been redacted shall so be marked. The Producing Party shall preserve an unredacted version of such document.

## IV.    USE OF CONFIDENTIAL INFORMATION IN DEPOSITIONS, PRETRIAL, OR OTHER TRIAL PROCEEDING.

a.    Use of Confidential Information at depositions. Counsel for any party shall have the right to disclose Confidential Information at depositions, provided that such disclosure is consistent with this Order. Any counsel of record may request that all persons not entitled under section VI of this Order to have access to Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information.

If a document that has previously been designated as Confidential Information is made an exhibit to a deposition, the deposition transcripts shall be marked "CONFIDENTIAL" and the list of exhibits included by the reporter with any transcript shall indicate which exhibits have been designated as Confidential Information.

b.    Designating testimony as Confidential Information at depositions. At any deposition session, (1) upon inquiry with regard to the content of any Discovery Material(s) designated or marked as "CONFIDENTIAL"; (2) whenever counsel for a party deems that the answer to a question may result in the disclosure or revelation of Confidential Information; and/or (3) whenever counsel for a party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information, counsel to any party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential Information in accordance with this Order by a statement on the record during the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

6

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1   deposition or by notifying all other parties in writing, within thirty (30) calendar days of receiving

2   the transcript or video that it contains Confidential Information and designating the specific pages,

3   lines, and/or counter numbers as containing Confidential Information.  If a designation is made via

4   a statement on the record during a deposition, counsel must follow up in writing within thirty (30)

5   calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or

6   counter numbers containing the Confidential Information.  If no confidentiality designations are

7   made within the thirty (30) day period, the entire transcript shall be considered non-confidential.

8   During the thirty (30) day period, the entire transcript and video shall be treated as Confidential

9   Information.   All originals and copies of deposition transcripts that contain Confidential

10   Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and

11   when filed with the Court, the portions of such transcript so designated shall be filed under seal.

12   Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" within thirty

13   (30) calendar days of receiving the transcript.   Any DVD or other digital storage medium

14   containing Confidential deposition testimony shall be labeled in accordance with the provisions of

15   section III.

16   **V.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17          a.      Challenging Confidential Information.  Any party may object at any time to the

18   designation of Confidential Information on the grounds that such information does not constitute

19   Confidential Information by serving written notice upon counsel for the Producing Party

20   specifying the item(s) in question, the grounds for the objection, and arranging for a conference

21   pursuant to Court rules to attempt to informally resolve the dispute in good faith.  If counsel cannot

22   resolve the dispute, the objecting party may seek appropriate relief from the Court.  Each such

23   motion must be accompanied by a competent declaration that affirms that the movant has complied

24   with the meet and confer requirements imposed herein.  This Order will not affect the burden of

25   proof on any such motion, or impose any burdens upon any party that would not exist had the

26   Order not been entered; as a general matter, the burden shall be on the person making the

27   designation to establish the propriety of the designation.  Any contested information shall continue

28   to be treated as confidential and subject to this Order until such time as such motion has been ruled

1    upon.

2    **VI.    ACCESS TO CONFIDENTIAL INFORMATION**

3        All Confidential Information produced or exchanged by the Parties or by third parties in the
4    course of these Proceedings shall be used solely for the purpose of conducting these Proceedings
5    and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance
6    with the terms of this Order.

7        a.    Confidential Information.    Confidential Information shall not be disclosed or
8    communicated to anyone other than the following persons:

9        1.    Attorneys of record for the Parties in these Proceedings including the
10            respective partners, of counsel, associates, employees, and contract
11            attorneys of such attorneys to whom it is reasonably necessary that the
12            material be shown for purposes of these Proceedings;

13        2.    The Parties in these Proceedings, including their respective officers,
14            directors, in-house counsel, employees, and agents;

15        3.    Independent experts and consultants retained by a party to testify or perform
16            other services in connection with these Proceedings;

17        4.    Persons retained by a party to provide litigation support services
18            (photocopying, videotaping, translating, preparing exhibits or
19            demonstrations, organizing, storing, retrieving data in any form or medium,
20            etc.);

21        5.    Court reporters in connection with their duties in providing recording and
22            transcription services for depositions conducted in connection with these
23            Proceedings;

24        6.    Personnel of any Court, including judges, official reports, law clerks, and
25            other authorized personnel, to the extent necessary for them to perform their
26            duties in connection with these Proceedings;

27        7.    Any authors or recipients of the Confidential Information;

28        8.    A witness at any deposition or other proceeding in these Proceedings; and

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

8

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

9.        Any other person as to whom the Parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (1) through (5) and (7) through (9) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Order, and that any violation of this Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subpart (3), (4), (8) or (9) of this section shall also be required to execute a copy of the Confidentiality Agreement in the form attached as **Exhibit A**. The persons shall agree in writing to be bound by the terms of this Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information. No party (or its counsel) shall discourage any persons from signing a copy of Exhibit A. If a person refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential Information shall seek an order from the Court directing that the person be bound by this Order. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this section shall be maintained by each of the Parties while these Proceedings is pending and disclosed to the other parties upon good cause shown and upon order of the Court.

## VII.    FILING PROTECTED MATERIAL

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in these Proceedings any Confidential Information. A party may file Confidential Information with the Court under seal by following the applicable court rules, including FRCP 5 and LR IA 10-5, as well as the requirements of *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Specifically, under LR IA 10-5(a)-(c), papers filed with the Court under seal must be accompanied by a motion for leave to file those documents under seal, addressing the requirements of *Kamakana*,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  as well as a certificate of service, and all papers filed under seal will remain sealed until the Court

2  either denies the motion or enters a subsequent order unsealing them. If possible, the Parties will

3  redact portions of the confidential materials as opposed to sealing the entire document.  Redaction

4  is the Court's preferred method over sealing an entire document.

5  **VIII.    MISCELLANEOUS**

6      a.    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

7  move the Court to modify this Order at any time.

8      b.    <u>Right to Assert Other Objections</u>.  Nothing in this Order may be construed to restrict

9  any party's right to challenge the admissibility or use of Confidential Information on any ground

10  other than confidentiality, including but not limited to competence, relevance, or privilege.  This

11  Order is not intended to foreclose any Producing Party's right to make a valid objection to any

12  discovery request(s) on privacy, trade secret, or other applicable grounds.

13      c.    <u>Inadvertent production of Confidential Information</u>.  Any inadvertent production of

14  privileged materials shall be governed by FRCP 26(b)(5)(B).  The inadvertent failure to designate

15  information produced in discovery as Confidential shall not be deemed, by itself, to be a waiver of

16  the right to so designate such Discovery Materials as Confidential Information.

17      d.    <u>Duration</u>.  Even after the termination or settlement of these Proceedings, the

18  confidentiality obligations imposed by this Order shall remain in effect until a Producing Party

19  agrees otherwise in writing or a court order otherwise directs.

20      e.    <u>Knowledge of Unauthorized Use or Possession</u>.  If a party receiving Confidential

21  Information learns of any possession, knowledge, use or disclosure of any Confidential

22  Information in violation of the terms of this Order, the Receiving Party shall immediately notify

23  in writing the party that produced the Confidential Information.  The Receiving Party shall

24  promptly furnish the Producing Party the full details of Receiving Party's knowledge concerning

25  such possession, knowledge, use or disclosure.  With respect to such unauthorized possession,

26  knowledge, use or disclosure the Receiving Party shall assist the Producing Party in remedying the

27  disclosure (e.g., by retrieving the Confidential Information from an unauthorized recipient) and/or

28  preventing its recurrence.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

     f.    <u>Notice to Nonparties</u>.  Any party issuing a subpoena, or any other form of compulsory process of any court, administrative or legislative body, or authorized similar entity, to a nonparty shall enclose a copy of this Order and advise the nonparty that it may designate any Discovery Material it produces pursuant to the terms of this Order, should the nonparty producing party wish to do so.  This Order shall be binding in favor of the designating nonparty to the maximum extent permitted by law.  Any nonparty invoking the Order shall comply with, and be subject to, all applicable sections of the Order.  Compliance with any order directing production pursuant to a subpoena of any Confidential Information shall not constitute a violation of this Stipulation and Order.  Nothing herein shall be construed as requiring the party to whom a subpoena is directed or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information covered by this Order, or to subject themselves to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

     g.    <u>No Waiver.</u>  This Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties to these Proceedings without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony, or other evidence at trial.  This Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

     h.    <u>Reservation of Rights</u>.  The Parties each reserve the right to seek or oppose additional or different protection for information, documents, materials, items or things.  This Order shall neither enlarge nor affect the proper scope of discovery in these Proceedings.  In addition, this Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

     i.    <u>Injunctive Relief and Sanctions Available for Unauthorized Disclosure or Use of Confidential Information</u>.  The Parties and/or nonparties to whom Confidential Information is

1  disclosed pursuant to Section VI(a), subparts (1) through (5) and (7) through (9), shall not utilize

2  any Confidential Information for their own personal and/or business advantage or gain, aside from

3  purpose(s) solely related to these Proceedings.  The Parties and these nonparties acknowledge and

4  agree that unauthorized use and/or disclosure of Confidential Information beyond this litigation

5  shall subject the offending party or nonparty to sanctions contemplated in FRCP 37, up to and

6  including entry of judgment against the offending party in circumstances involving willful

7  disobedience of this order.  The Parties and/or these nonparties receiving or being given access to

8  Confidential Information acknowledge that monetary remedies may be inadequate to protect each

9  party in the case of unauthorized disclosure or use of Confidential Information that the Receiving

10  Party only received through discovery in these Proceedings and that injunctive relief may be

11  necessary and appropriate to protect each party's rights in the event there is any such unauthorized

12  disclosure or use of Confidential Information. The availability of injunctive relief to protect against

13  the unauthorized disclosure or use of Confidential Information shall not be exclusive.

14  DATED: October 17, 2024            DATED: October 17, 2024

15  BROWNSTEIN HYATT FARBER            OLSON CANNON & GORMLEY
    SCHRECK, LLP

16

17  BY: */s/ Chelsee C. Jensen*           BY:*/s/ Max E. Corrick*
    ADAM K. BULT, ESQ.                 MAX E. CORRICK, II, ESQ.
18  Nevada Bar No. 9332                Nevada Bar No. 6609
    TRAVIS F. CHANCE, ESQ.
19  Nevada Bar No. 13800
    CHELSEE C. JENSEN, ESQ.
20  Nevada Bar No. 14549

21  *Attorneys for Plaintiff*              *Attorneys for Defendant*

22

23                                    **ORDER**

24  **IT IS SO ORDERED** the
    stipulation is granted. Any redacted
25  document filed must comply with
    *Kamakana v. City & Cnty. of*
26  *Honolulu*, 447 F.3d 1172 (9th Cir.
    2006) and its progeny.
27                                    United States Magistrate Judge

28

                                    12

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1    Submitted By:

2    BROWNSTEIN HYATT FARBER SCHRECK LLP

3

4    BY: */s/ Chelsee C. Jensen*
     ADAM K. BULT, ESQ.
     Nevada Bar No. 9332
5    TRAVIS F. CHANCE, ESQ.
     Nevada Bar No. 13800
6    CHELSEE C. JENSEN, ESQ.
     Nevada Bar No. 14549
7
     *Attorneys for Plaintiff*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury under the laws of the State of Nevada, as follows:

1.      I have read the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in *Sierra Summit, LLC v. Humphreys & Partners Architects, Nevada, LLC,* United States District Court, District of Nevada, Case No. 2:24-cv-01253-JAD-MDC on _____, _____, and I fully understand its contents.

2.      I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court District of Nevada in and for Clark County, Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3.      I understand that by signing this instrument, I will be eligible to receive "Confidential Information" under the terms and conditions of the Protective Order.  I further understand and agree that I must treat any "Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a use or disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____          _____
                                                                    (Signature)

                                                                    _____
                                                                    (Printed Name)

                                                                    _____
                                                                    (Address)

14