ADAM K. BULT, ESQ., Nevada Bar No. 9332
abult@bhfs.com
TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
CHELSEE C. JENSEN, ESQ., Nevada Bar No. 14549
cjensen@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone:    702.382.2101
Facsimile:    702.382.8135

*Attorneys for Plaintiff Sierra Summit, LLC*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SIERRA SUMMIT, LLC, | CASE NO.: 2:24-cv-01253-JAD-MDC |
| *Plaintiff*, | **STIPULATION TO EXTEND DISCOVERY** |
| v. | |
| HUMPHREYS & PARTNERS ARCHITECTS, NEVADA, LLC, | **(FIRST REQUEST)** |
| *Defendant*. | |

Plaintiff, SIERRA SUMMIT, LLC ("**Plaintiff**"), by and through its undersigned counsel of record, and Defendant HUMPHREYS & PARTNERS ARCHITECTS, NEVADA, LLC ("**Defendant,**" together with Plaintiff, the "**Parties**"), by and through its counsel of record, hereby stipulate to extend the discovery in Scheduling Order (ECF No. 13), as set forth below:

**I.    PROCEDURAL POSTURE**

1. Plaintiff filed its Complaint on July 11, 2024. ECF No. 1.

2. Defendant filed its Answer on August 5, 2023. ECF No. 6.

3. Under FRCP 26(f) and LR 26-1(a), the Parties conferred via telephone, later submitting a joint proposed discovery plan and scheduling order. *See* ECF No. 13.

4. This Court adopted the Parties' proposal almost entirely, entering the governing scheduling order ("**Scheduling Order**") on September 30, 2024. ECF No. 15.

5. The Scheduling Order sets forth the following discovery deadlines:

a. Initial disclosures: October 10, 2024

b. Amend pleadings/add parties: June 27, 2025

c. Plaintiff's expert disclosure: June 27, 2025

d. Defendant's expert disclosure: July 28, 2025

e. Rebuttal expert disclosures: August 27, 2025

f. Discovery cutoff: September 26, 2025

g. Dispositive motions: October 26, 2025

h. Joint pretrial order: November 25, 2025

6. Pursuant to LR 26-6, the Parties hereby respectfully request that the remaining deadlines be extended by three months for the reasons outlined below.

## II. STATUS OF DISCOVERY

7. Upon filing this action, Plaintiff filed the Affidavit of Travis F. Chance, Esq. Pursuant to NRS 11.258 ("**NRS Affidavit to the Complaint**"), which includes 3,183 pages of documents that support Plaintiff's claims. ECF No. 3.

8. On October 4, 2024, the Parties agreed to a Stipulated Confidentiality Agreement and Protective Order (later revised by Court order), and this Court entered it as an order. ECF Nos. 17, 21, 22.

9. On October 4, 2024, the Parties also agreed to a Protocol for Production of Electronically Stored Information, which the Court later entered as an order. ECF Nos. 18, 20.

10. On October 4, 2024, Plaintiff provided a Sharefile link to Defendant, which contained the 3,183 pages of documents filed in support of the NRS 11.258 Affidavit to the Complaint.

11. On October 10, 2024, Plaintiff served its Initial Disclosure Statement pursuant to FRCP 26(a)(1)(A).

12. On October 10, 2024, Defendant served its Initial Disclosures pursuant to FRCP 26(a)(1)(A).

13. On November 15, 2024, Defendant served its First Supplement to Initial Disclosure Statement, which included an external hard drive that contained 40,498 documents listed on the

supplemental disclosure.

14. Since November 15, 2024, Plaintiff has collected its electronically stored information and a review process is currently ongoing.

15. More specifically, Plaintiff is in the process of reviewing 83,131 documents, and its counsel is working diligently to have the documents reviewed and produced in the next few weeks.

### III. REMAINING DISCOVERY TO BE COMPLETED

16. The remaining discovery in this action includes

   a. Written discovery, including FRCP 33 interrogatories, FRCP 34 requests for production, and FRCP 36 requests for admission on all Parties, and any follow up as needed or necessary;

   b. Initial and rebuttal expert disclosures, and depositions of any expert witnesses;

   c. Fact depositions of all Parties and representatives;

   d. FRCP 45 document subpoenas to third parties with relevant knowledge of Plaintiff's claims, allegations, and damages as well as Defendant's defenses;

   e. Third party depositions; and,

   f. Preparation of supplemental responses to written discovery and supplemental disclosure statements, as necessary.

17. This summary of discovery completed and remaining is not intended to be limiting but is to set forth to advise the Court of the remaining discovery that is anticipated in this matter in accordance with L.R. 26-3.

### IV. REASONS THE PARTIES REQUEST AN EXTENSION

18. Plaintiff's counsel became ill in December 2024, and her illness required hospitalization.

19. Plaintiff's counsel was later released from the hospital in late December 2024 but with breathing support via an oxygen tank.

20. Plaintiff's counsel ten-month-old child then fell ill in the first weeks of January 2025.

3

21. The health issues of Plaintiff's counsel has delayed the document review process, which is critical to the progression of the rest of the written and fact discovery remaining to be completed.

### V. REQUESTED EXTENSION

22. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

23. A stipulation "to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline" and "must be supported by a showing of good cause." LR 26-3.

24. LR IA 6-1 provides that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted."

25. There is good cause to extend the discovery deadlines in this matter given (a) the health issues of Plaintiff's counsel and her family, (b) the proximity of Plaintiff's deadline to disclose its initial expert report before June 27, 2025, (c) the proximity of Defendant's deadline to disclose its initial expert report before July 28, 2025, and (d) the need for additional document production prior to the Parties' disclosure of their respective experts for purposes of this litigation.

26. This is the first request for an extension of the discovery deadlines.

27. This stipulation is submitted well before the 21-day deadline under LR 26-3 to extend the deadline for the close of discovery.

28. Because all Parties stipulate to this requested extension, no Party will be prejudiced by extending discovery as requested.

29. Nor is this stipulation made with undue delay, dilatory motive, or bad faith.

30. Based on the foregoing, Plaintiff and Defendant stipulate that the discovery deadlines be extended by three months, with the new deadlines to be as follows[1]:

    a. Amend pleadings/add parties: September 29, 2025

---

[1] Dates falling on the weekend or a holiday have been moved to the following business day.

4

     b. Plaintiff's expert disclosure: September 29, 2025

     c. Defendant's expert disclosure: October 29, 2025

     d. Rebuttal expert disclosures: November 26, 2025

     e. Discovery cutoff: December 29, 2025

     f. Dispositive motions: January 26, 2026

     g. Joint pretrial order: February 25, 2026

| | |
|---|---|
| DATED: February 19, 2025 | DATED: February 19, 2025 |
| BROWNSTEIN HYATT FARBER SCHRECK, LLP | OLSON CANNON & GORMLEY |
| BY: */s/ Chelsee C. Jensen*<br>ADAM K. BULT, ESQ.<br>Nevada Bar No. 9332<br>TRAVIS F. CHANCE, ESQ.<br>Nevada Bar No. 13800<br>CHELSEE C. JENSEN, ESQ.<br>Nevada Bar No. 14549<br><br>*Attorneys for Plaintiff* | BY: */s/ Max E. Corrick*<br>MAX E. CORRICK, II, ESQ.<br>Nevada Bar No. 6609<br><br>*Attorneys for Defendant* |

## ORDER

**IT IS SO ORDERED.** If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

Submitted By:

BROWNSTEIN HYATT FARBER SCHRECK LLP

BY: */s/ Chelsee C. Jensen*
ADAM K. BULT, ESQ.
Nevada Bar No. 9332
TRAVIS F. CHANCE, ESQ.
Nevada Bar No. 13800
CHELSEE C. JENSEN, ESQ.
Nevada Bar No. 14549

*Attorneys for Plaintiff*

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
2-21-25